United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CURTIS FLOYD PRICE,

                Petitioner,

    vs.

KELLY MITCHELL, Acting Warden of
San Quentin State Prison

                Respondent.
_____/

No. C 93-277 PJH

Death Penalty Case

**SCHEDULING ORDER**

      The Court has reviewed the parties' Joint Proposed Litigation Schedule, filed on November 21, 2014.  The proposed schedule would allow for petitioner to brief a request for discovery and possibly request an evidentiary hearing for an undisclosed number of claims.  While respondent does not object to the litigation schedule, she does note that she "does not believe that any further discovery or hearing is appropriate."

**DISCUSSION**

      Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court cannot grant relief on any claim adjudicated on the merits by a state court unless that adjudication:

      (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

United States District Court

For the Northern District of California

28 U.S.C. § 2254(d).  In *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), the Supreme Court held that in determining the reasonableness of a state court's ruling under § 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398.  The Court explained that "evidence later introduced in the federal court is irrelevant to the § 2254(d)(1) review." *Id.* at 1400.  Several circuit courts have concluded that under *Pinholster*, district courts should determine whether a petitioner's claims survive the § 2254(d)(1) standard on the basis of the state record alone, without reliance on evidence developed in federal evidentiary hearings.  *See, e.g., Price v. Thurmer*, 637 F.3d 831, 837 (7th Cir.2011); *Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir.2011); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 990-"92 (9th Cir.2013) (holding that, based on *Pinholster*, the district court did not abuse its discretion by denying petitioner's request for an evidentiary hearing regarding his ineffective assistance of counsel claims).

The Supreme Court in *Pinholster* did not hold that a district court would err by conducting an evidentiary hearing before deciding that a claim survives review under § 2254(d). 131 S.Ct. at 1411 n.20. ("[W]e need not decide ... whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied"); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the decision to grant an evidentiary hearing was left generally to the sound discretion of district courts. That basic rule has not changed" (citations omitted)). Nevertheless, the Court stated that its decision was "consistent" with *Landrigan* and noted that in *Landrigan*, it:

> explained that '[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.' [*Landrigan*, 550 U.S.] at 474. In practical effect, we went on to note, this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.' *Id.* at 474 (citing with approval the Ninth Circuit's recognition that 'an evidentiary hearing is not required on issues that can be resolved by reference to the state court record' (internal quotation marks omitted)).

United States District Court
For the Northern District of California

1    *Pinholster*,131 S.Ct. at 1399. The Court's statements indicate that, at a minimum, a federal

2    court would not err by requiring a petitioner to demonstrate that relief on his claims is not

3    precluded by § 2254(d) before granting him an evidentiary hearing on those claims. *See*

4    *also Woods v. Sinclair*, 655 F.3d 886, 904 n.10 (9th Cir.2011) (because review of a claim

5    adjudicated on the merits by the state court is limited to the state court record, petitioner

6    need not have been afforded an opportunity to develop evidence in support of his

7    argument); *Ybarra v. McDaniel*, 656 F.3d 984, 991 n.3 (9th Cir.2011) ("remand to the

8    district court is unnecessary because there can be no additional factfinding by the district

9    court" under *Pinholster*.); *Earp v. Ornoski*, 431 F.3d 1158, 1166-67 (9th Cir.2005) (until

10   petitioner can satisfy an exception to 28 U.S.C. § 2254(d), petitioner is not entitled to an

11   evidentiary hearing on the merits of his claims.)

12         Until a petitioner can overcome 28 U.S.C. § 2254(d), it also would not be an abuse

13   of discretion for this Court to deny discovery on those claims. *See Kemp v. Ryan*, 638 F.3d

14   1245, 1260 (9th Cir. 2011) ("Because Kemp is not entitled to an evidentiary hearing, the

15   district court did not err in denying his request for discovery, as well as his request for a

16   hearing . . . [B]ecause the district court was not authorized to hold an evidentiary hearing

17   on Kemp's deliberate elicitation claim, obtaining discovery on that claim would have been

18   futile . . . . Accordingly, the district court's discovery denial also was not an abuse of

19   discretion."

20

21                                    **CONCLUSION**

22         In the interest of efficiency and in light of *Pinholster*, the Court directs the parties to

23   proceed as follows instead:

24         1. The parties shall meet and confer to identify which claims they agree may be

25   resolved based on the record before the Court.  Within fifteen (15) days of meeting and

26   conferring, the parties shall file a joint statement outlining a litigation schedule for briefing

27   the merits of record-based claims.  After receipt and review of the joint statement, the Court

28   shall issue a scheduling order.  A schedule for resolving remaining claims will be

                                          3

1  established in a subsequent order.

2      2. If the parties determine that none of the claims are record-based, the parties will

3  set forth a schedule for addressing why the Supreme Court of California's denial of

4  petitioner's claims was "contrary to, or involved an unreasonable application of, clearly

5  established Federal law, as determined by the Supreme Court of the United States" or

6  "resulted in a decision that was based on an unreasonable determination of the facts in

7  light of the evidence presented in the State Court proceedings."  28 U.S.C. § 2254(d).

8  Pursuant to *Pinholster*, 131 S. Ct. at 1398, petitioner's brief shall be based on the record

9  that was before the court that adjudicated the claims on the merits.

10

11

12      **IT IS SO ORDERED.**

13  Dated: November 24, 2014.                    _____

14                                        PHYLLIS J. HAMILTON
                                         United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4